SANFORD M. PLACE *vs.* LEROY M. BRANN.

Lincoln.    May 29, 1885.

*Pleadings.    Trespass.    Amendment.    R. S., c. 82, §§ 10, 15.*

The statute abolishing the distinction between actions of trespass and trespass on the case relates to the distinction in form only. Where the distinction is really of substance, the declaration should contain allegations appropriate to the action to which it properly belongs.

Where a demurrer has been filed to a writ and disposed of by the court, an amendment is allowable, in the discretion of the court, under R. S., c. 82, § 10.

ON EXCEPTIONS.

The defendant demurred to the declaration which was as follows : "In a plea of the case, for that the said defendant on the eighteenth day of February, A. D. 1884, with force and arms broke and entered the plaintiff's close, situate in said Whitefield, bounded and described as follows, to wit : northerly by land occupied by Peter Dunton and land of Russell Place ; easterly by land of Russell Place and land of William Cookson ; southerly by road leading to Samuel Cookson and land occupied by Danforth Place ; westerly by Sheepscot river,— being the homestead place of the late Thomas Brann, and stayed on said premises without the license of said plaintiff, continuing there for a long time, to wit : for the space of eight days, and during that time greatly disturbed the plaintiff in his quiet possession of the same, and expelled and ejected him therefrom for a long space of time, to wit : from thence hitherto, whereby the plaintiff during all that time hath lost and will hereafter lose and be deprived of the free and entire use and occupation of said close and other wrongs."

The court overruled the demurrer and adjudged the declaration good. The plaintiff then moved to amend his writ by inserting

" trespass " and striking out " case," the motion was granted and the amendment was allowed.

To these rulings the defendant alleged exceptions.

*S. C. Whitmore*, for the plaintiff, cited : R. S., c. 82, § § 10, 15 ; *Hathorne* v. *Eaton*, 70 Maine, 220 ; *Tukey* v. *Gerry*, 63 Maine, 153 ; *Cameron* v. *Tyler*, 71 Maine, 27 ; *Achorn* v. *Matthews*, 38 Maine, 173 ; *Cummings* v. *Buckfield B. R. R. Co.* 35 Maine, 478 ; *Brewer* v. *East Machias*, 27 Maine, 489 ; *Solon* v. *Perry*, 54 Maine, 493 ; *Bean* v. *Ayer*, 67 Maine, 490.

*L. M. Staples*, for the defendant, cited : *Farmer* v. *Portland*, 63 Maine, 46 ; *Rand* v. *Webber*, 64 Maine, 191.

FOSTER, J. The declaration, in this case, was for an alleged breaking and entering the plaintiff's close ; the action may be properly termed one of trespass *quare clausum fregit.*

As first drawn, the writ commanded the defendant to answer unto the plaintiff in a " plea of the case. " The defendant, believing the plaintiff had misconceived his form of action, and that the command should have been to answer in a plea of trespass *quare clausum*, filed a special demurrer to the plaintiff's writ. The court overruled the demurrer, and we think properly.

It will be noticed that the declaration in itself was correct, and alleged a breaking and entering the plaintiff's close. The demurrer related not to any matter of substance, but merely to form ; and this is not available to the defendant even upon special demurrer. The statute has abolished the distinction between actions of trespass and trespass on the case. This relates to the distinction in form only. In cases where the distinction is really of substance, the provision of statute is inapplicable. *Sawyer* v. *Goodwin*, 34 Maine, 419 ; *Kelly* v. *Bragg*, 76 Maine, 207.

Nor was there error in allowing the amendment after the demurrer was disposed of. If the amendment was regarded as proper, it was allowable under R. S., c. 82, § 10, in the discretion of the presiding judge ; and on such terms as he saw fit to impose, or without any, as justice might require. *Kelly* v. *Bragg*, *supra*, which is decisive of this case. To the exercise

of this judicial discretion, exceptions do not lie. *Bolster* v. *China*, 67 Maine, 551; *Cameron* v. *Tyler*, 71 Maine, 28; *Solon* v. *Perry*, 54 Maine, 493.

By this amendment, no new cause of action was introduced, as was the case in *Farmer* v. *Portland*, 63 Maine, 46, cited by the counsel for the defendant. It was an amendment in matter of form only, and clearly such as was contemplated by the statute relating to amendments, "when the person and case can be rightly understood." *Harvey* v. *Cutts*, 51 Maine, 607.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.